[No. 5491.]
[No. 3161 C. A.]

## THE CENTRAL CONSOLIDATED MINES CORPORATION
## v. MILLS.

Appeals—Harmless Error—Improper remarks made by the presiding judge as to a portion of the chattels claimed to have been converted, will not be held fatal where the jury allow but a small part of what is demanded, and for anything appearing, made no allowance in respect of the items to which the improper remarks were directed.

*Appeal from Teller District Court*—Hon. WILLIAM P. SEEDS, Judge. .

Mr. J. J. McFEELEY, for appellant. ·

Mr. O. B. WILLCOX, and Mr. J. T. ADAMS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Six separate and distinct causes of action are alleged in the complaint. Judgment was in favor of plaintiff upon each of the first four, and against him as to the fifth and sixth causes. Defendant concedes that the judgment under the first three is right, and the only errors which he assigns or argues are directed to that rendered under the fourth cause of action. That cause was based upon the alleged conversion by defendant of a number of articles of personal property, aggregating in value about two hundred dollars, for which amount judgment was asked. The jury, however, gave judgment only for $62.00. The first objection urged to such judgment is that the court, in the presence of the jury, improperly expressed its opinion as to what constitutes a hoisting plant, which defendant says was one of the things which it was charged with having converted. In the fragmentary state· of the record, we do not know

whether the court was right or wrong in the expression, but the record fails to show that any objection was made by the defendant to the court's remark or any exception taken thereto. Another objection is that the court, as claimed by defendant, stated that an ore car and an ore bucket were part of a hoisting plant. It seems that the court did say that the ore car could be used on the surface and the truck car could be run below as well as above, "if you use the term, 'plant'." This observation of the court was induced by a request of defendant's own counsel; the response coming on counsel's own invitation, just for what purpose, the record is not clear; but, even if the court was wrong in making the statement complained of, and if objection had been properly and seasonably made and exception taken, the judgment ought not to be reversed, because, out of the total sum of about $200.00 claimed, the jury returned a verdict of only about $62.00. It may be, and there is no showing to the contrary, that the jury made no allowance at all for the hoisting plant concerning which the remarks of the trial judge were made.

The defendant further objects to the second instruction given by the court in which, defendant says, the jury were told that defendant admitted, in its answer, that it had rented an engine, boiler, and cable from plaintiff, whereas, defendant says, it denied in the answer that it had rented any cable from plaintiff. Defendant evidently has misread the record. The second instruction in which the court told the jury that defendant admitted that it had rented certain property from the plaintiff was with reference to the third cause of action under which defendant admits that it confessed judgment; and the instruction had no reference to the fourth cause of action, of the judgment on which only does defendant complain upon this review. An examina-

tion of the instructions shows that, with respect to the fourth cause of action, the court properly instructed the jury, in accordance with the pleadings, that defendant did deny that it received from plaintiff the property which the complaint alleges that defendant converted to its own use; so that, so far as the fourth cause of action is concerned, and that is the only one with which we have to do at this time, the court properly instructed the jury that the defendant controverted the allegations of that part of the complaint which pertains to that cause of action.

Neither of these objections which the defendant urges is tenable, and no prejudicial error has been shown.

The judgment is affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.